NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY ALFORD,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2010-3112

---

Petition for review of the Merit Systems Protection Board in case no. DC3330090703-I-1.

---

Decided: January 19, 2011

---

LEROY ALFORD, Temple Hills, Maryland, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before RADER, *Chief Judge*, GAJARSA and PROST, *Circuit Judges*.

PER CURIAM.

Petitioner Mr. Leroy Alford appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing his claim under the Veterans Employment Opportunities Act of 1998 ("VEOA") for failure to state a claim upon which relief can be granted and dismissing his Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") claim for lack of jurisdiction. We *affirm*.

## BACKGROUND

Mr. Alford began his civil service employment with the Defense Intelligence Agency ("DIA" or "Agency") on June 26, 2006. At the same time, he was on terminal leave from his job with the United States Air Force. Mr. Alford retired from the Air Force on August 31, 2006 following a twenty-three year military service career. During the overlap between his terminal leave and starting with the agency, Mr. Alford alleged that he was credited only four hours of annual leave per pay period based on his years of civilian service. Mr. Alford later learned that a Department of Justice legal opinion required that civilian employees accrue annual leave during the time period of their terminal leave from the military at a rate which accounts for their years of military service. Thus, Mr. Alford sought to be credited annual leave at a rate of eight hours per pay period for the duration of his terminal leave, rather than four hours per pay period.

After various alleged attempts to receive credit for the missing annual leave, Mr. Alford appealed to the Board. The administrative judge issued a show cause order

informing Mr. Alford that it was his burden to prove that the Board had jurisdiction over his appeal under VEOA or USERRA. In the initial decision, the administrative judge found that Mr. Alford failed to establish the Board's jurisdiction over his VEOA claim because 5 U.S.C. § 6303 is a statutory provision governing the accrual of annual leave by Federal employees having nothing to do with veterans' preference. The administrative judge also found that Mr. Alford failed to establish the Board's jurisdiction under a USERRA claim because as an employee of an intelligence agency, Mr. Alford's USERRA claim was ineligible for judicial review. The administrative judge further determined that Mr. Alford failed to state a claim under either VEOA or USERRA.

Mr. Alford petitioned the full Board for review. The Board denied his petition, noting that it did not meet the criteria for review set by 5 C.F.R. § 1201.115. The Board found that Mr. Alford's petition did not make any argument establishing error by the administrative judge or presenting any new and material evidence affecting the outcome of the case. The Board, however, reopened Mr. Alford's case to modify and affirm the administrative judge's decision. The Board concluded that a veteran's claim of violation of veterans' preference rights should be liberally construed and that the judge erred in determining that the Board lacked jurisdiction over Mr. Alford's VEOA claim. Nevertheless, the Board affirmed the administrative judge's finding that Mr. Alford failed to state a claim upon which relief can be granted under VEOA. It reasoned that the leave accrual provisions of 5 U.S.C. § 6303 do not stand in some relation to, have a bearing on, concern, or have a connection with veterans' preference rights. The Board also affirmed the judge's finding that Mr. Alford failed to establish the Board's jurisdiction of his USERRA claim, therefore vacating the

judge's alternative finding that Mr. Alford's USERRA claim must be dismissed for failure to state a claim. This petition for review followed.

## DISCUSSION

We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review questions of law and determinations of jurisdiction without deference to the Board. *Carley v. Dep't of the Army*, 413 F.3d 1354, 1356 (Fed. Cir. 2005).

Mr. Alford contends that agency violated 5 U.S.C. § 6303 (dealing with employee leave accrual), thereby denying him enumerated rights under the VEOA. Mr. Alford argues that the VEOA clearly "conveys a veteran preference for a retired uniformed service member [sic] sacrifices during a during a [sic] period of war or in a campaign or expedition."

The government responds, arguing that the underlying statute that Mr. Alford claims was violated does not implicate any right a preference eligible veteran may have under the VEOA. According to the government, the statutory provision upon which Mr. Alford relies concerns how leave is to be credited once a veteran is employed by the agency in no way relates to any right a veteran may have when competing for a federal position.

The government is correct. "Veterans' preference rights are defined by the Veterans' Preference Act of 1944 ('VPA'), Pub.L. No. 78-359, 58 Stat. 387 (codified at 5

U.S.C. §§ 2108, 3309-3320), and its attendant regulations, *see* 5 C.F.R. §§ 302.101-302.403 (2005). The VPA generally gives a qualifying veteran, known as a 'preference eligible,' various preferences in applying for civil service positions within the competitive and excepted services." *Patterson v. Dep't of the Interior*, 424 F.3d 1151, 1155 (Fed. Cir. 2005). The various preference rights available to preference eligible veterans during the civil service hiring process, however, are not implicated by Mr. Alford's claim under the VEOA relating to accrual of annual leave. *See* 5 U.S.C. § 6303. Thus, the Board did not err in determining that Mr. Alford failed to state a claim under VEOA for which relief can be granted.

Turning now to Mr. Alford's second claim, he argues that the agency violated USERRA by failing to credit him the leave sought. He further alleges that the Board erred in determining that it lacked jurisdiction over his USERRA claim and that intelligence agencies are not exempt from their obligations to comply with USERAA. *See* 38 U.S.C. §§ 4315, 4325.

In response, the government argues that the Board correctly determined that it did not have jurisdiction over Mr. Alford's USERRA claim. The government argues that according to 5 U.S.C. § 2302(a)(2)(C)(ii), the DIA, where Mr. Alford was employed, is excluded from the definition of a Federal executive agency falling within the scope of the Board's grant of authority over prohibited personnel actions.

We agree with the government. There is no dispute that that the DIA is an intelligence agency and that Mr. Alford was employed by the DIA at the time of his claim. Under USERRA, "[a] person may submit a complaint against a Federal executive agency or the Office of Per-

sonnel Management" directly to the Board.  *See* 38 U.S.C. § 4324.  "Federal executive agency" is defined to include "any Executive agency . . . other than an agency referred to in section 2302(a)(2)(C)(ii) of title 5."  This section, however, excepts "the Federal Bureau of Investigation, the Central Intelligence Agency, *the Defense Intelligence Agency*, the National Geospatial-Intelligence Agency, the National Security Agency, and . . . any Executive agency or unit thereof the principal function of which is the conduct of foreign intelligence or counterintelligence activities" from Board review.  5 U.S.C. § 2302(a)(2)(C)(ii) (emphasis added).  Thus, even if Mr. Alford is correct that intelligence agencies are not exempted from their obligations under USERRA, the Board lacks jurisdiction to hear any claim that the DIA failed to comply with its alleged obligations under USERRA.

In sum, there exists no reversible error in the Board's determination that Mr. Alford failed to state a claim upon which relief could be granted under VEOA and the Board's determination that it did not have jurisdiction over Mr. Alford's USERRA.  We have reviewed Mr. Alford's other arguments and consider them unpersuasive.[1] Accordingly, we affirm the decision of the Board dismissing Mr. Alford's appeal.

## AFFIRMED

---

[1]    We note that Mr. Alford has been paid $1,392 as compensation for the hours of annual leave he claimed were due him.  He continues, however, to protest related issues regarding back interest, etc.