**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 61**

Docket No. SF-4324-13-1061-I-1

**Jennifer J. Erlendson,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

August 4, 2014

Denis P. McAllister, Esquire, Glen Cove, New York, for the appellant.

Chad Y. Tang, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1. Because the appellant is an employee of the Federal Bureau of Investigation (FBI), which is expressly excluded from the definition of an employer for purposes of the Board's USERRA jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant serves as an Intelligence Analyst with the FBI.  Initial Appeal File (IAF), Tab 1 at 1.  In her initial appeal to the Board, the appellant alleged that she was challenging a "USERRA motivated denial of benefits and hostile work environment," and that "Agency manager(s) have discriminated against me due to my use of military leave by denying me benefits of employment, as well as placing me in a hostile work environment due to my military leave usage."  *Id*. at 2.  The agency moved to dismiss the appellant's USERRA appeal for lack of jurisdiction, arguing that the Board lacks "jurisdiction over USERRA claims by FBI employees because the FBI is specifically excluded from the applicable statute."  IAF, Tab 4 at 5.  In response, the appellant argued that generic claims of discrimination under USERRA "ought to be treated differently from those cases of employment and reemployment because the USERRA statute appears to reference and treat those claims differently."  IAF, Tab 6 at 6.

¶3      The administrative judge dismissed the appellant's USERRA appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID) at 1.  The administrative judge found that, regardless of either the appellant's employment in the excepted service, or the nature of her USERRA claims, the Board lacks jurisdiction over her USERRA appeal because the FBI is specifically excluded from 38 U.S.C. § 4324, the statutory provision giving most federal employees the right to, inter alia, file a USERRA appeal directly with the Board.  ID at 3; 38 U.S.C. § 4324(b).  In reaching his conclusion, the administrative judge relied on a decision from the U.S. Court of Appeals for the Second Circuit as persuasive authority for the proposition that FBI employees cannot file USERRA appeals with the Board.  ID at 4 (citing *Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999)).

¶4      The appellant has filed a petition for review arguing that the administrative judge wrongly relied on *Dew* and that he overlooked the Board's decision in

*Petersen v. Department of the Interior*, 71 M.S.P.R. 227 (1996), which found that an appellant could maintain a hostile work environment claim based on military service under USERRA. PFR File, Tab 1 at 3, 10. The agency has filed a response to the petition for review. PFR File, Tab 4.

## ANALYSIS

The Board lacks jurisdiction over the appellant's USERRA appeal.

¶5      There are two types of cases that arise under USERRA: (1) reemployment cases, in which an appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) discrimination cases, in which the appellant claims that an agency has committed one of seven actions that are prohibited if motivated by one of nine enumerated reasons, as set forth in 38 U.S.C. § 4311(a) and (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005). The Board's jurisdiction over both types of USERRA claims is based on 38 U.S.C. § 4324(b) and (c). Section 4324(b) provides in relevant part to this matter that "[a] person may submit a complaint against a Federal executive agency . . . directly to the Merit Systems Protection Board" provided that she did not first file a USERRA complaint with the Secretary of Labor. 38 U.S.C. § 4324(b)(1); *see Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 8 (2012).

¶6      Dispositive to the resolution of this appeal is the definition of a "Federal executive agency" under section 4324. Under chapter 43 of Title 38, "Federal executive agency" includes "any Executive agency (as that term is defined in section 105 of title 5) other than an agency referred to in section 2302(a)(2)(C)(ii) of title 5." 38 U.S.C. § 4303(5); *see also* 5 C.F.R. § 353.102(2). The FBI is among those agencies explicitly listed in 5 U.S.C. § 2302(a)(2)(C)(ii) which are excluded from the definition of "Federal executive agency" for the purposes of filing a USERRA appeal with the Board

under 5 U.S.C. § 4324(b).[1]  Accordingly, we find that the Board lacks jurisdiction over the appellant's USERRA appeal alleging a hostile work environment against the FBI.  *Cf. Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 15 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011) (finding that an employee of the Defense Intelligence Agency, which is among the agencies listed in 5 U.S.C. § 2302(a)(2)(C)(ii), cannot file a USERRA appeal with the Board);[2] *Hereford v. Tennessee Valley Authority*, 88 M.S.P.R. 201, ¶ 10 (2001) (USERRA defines Federal executive agencies to include executive agencies as defined in 5 U.S.C. § 105, other than intelligence agencies).  We further conclude that the nature of the appellant's USERRA claim—i.e., whether she is asserting a reemployment claim or a discrimination claim—does not change our analysis because the Board's jurisdiction over both types of claims derives from 38 U.S.C. § 4324(b).  *See Clavin*, 99 M.S.P.R. 619, ¶ 5.[3]

---

[1] Section 2302(a)(2)(C)(ii) currently provides that the term "agency" does not include: "(I) the [FBI], the Central Intelligence Agency, the Defense Intelligence Agency, the National Geospatial-Intelligence Agency, the National Security Agency, the Office of the Director of National Intelligence, and the National Reconnaissance Office; and (II) as determined by the President, any executive agency or unit thereof the principal function of which is the conduct of foreign intelligence or counterintelligence activities, provided that the determination be made prior to a personnel action."  5 U.S.C. § 2302(a)(2)(C)(ii).

[2] The appellant argues on petition for review that the Federal Circuit's decision in *Alford* is not binding authority because it is a nonprecedential decision of that court. PFR File, Tab 1 at 5.  The Board, however, may choose to follow nonprecedential decisions issued by the Federal Circuit which it finds persuasive.  *See Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).  The Federal Circuit's decision in *Alford*, moreover, affirmed the Board's precedential Opinion and Order, which we find germane to the issues raised in this appeal.

[3] As explained by the administrative judge, employees of agencies listed under 5 U.S.C. § 2302(a)(2)(C)(ii) are not completely left without redress of certain USERRA-based allegations of wrongdoing; pursuant to 5 U.S.C. § 4325, employees of such agencies, including the FBI, may submit a claim involving reemployment rights to the agency's inspector general for investigation and resolution.  *See* 5 U.S.C. § 4325(b); *Dew*, 192 F.3d at 372-73; ID at 4.

¶7    The appellant cites the Board's decision in *Petersen v. Department of the Interior*, 71 M.S.P.R. 227 (1996), in support of her argument that the Board has jurisdiction over her appeal.  PFR File, Tab 1 at 3, 6-9.  However, the appellant's reliance on *Petersen* for purposes of establishing jurisdiction is misplaced.  In *Petersen*, the Board held that an appellant can assert a hostile work environment claim under 38 U.S.C. § 4311(a) in a USERRA appeal before the Board, provided that "the appellant has otherwise met the jurisdictional and timeliness requirements."  *Petersen*, 71 M.S.P.R. at 237-239.  Thus, the assertion of a hostile work environment claim is not itself a basis for Board jurisdiction; rather, it is a matter the Board may adjudicate in an appeal in which it has otherwise been granted jurisdiction.  Accordingly, we find that the administrative judge correctly dismissed the appellant's USERRA appeal for lack of jurisdiction.[4]

## ORDER

¶8    The initial decision dismissing the appellant's USERRA appeal for lack of jurisdiction is AFFIRMED.  This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[4] Because the Second Circuit's decision in *Dew* provides additional, persuasive support for dismissal of the appellant's claim, we find that the administrative judge did not err in considering and citing it.  *See Mitchell v. Office of Personnel Management*, 97 M.S.P.R. 566, ¶ 12 n.1 (2004) (although it was not binding precedent, the Board followed a federal district court case it found persuasive).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.