**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSE I. VALLE, | DOCKET NUMBER |
| Appellant, | NY-3330-15-0292-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: April 14, 2016 |
| ADMINISTRATION, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Rafael Arroyo, San Juan, Puerto Rico, for the appellant.

David B. Myers, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction and based on a failure to state a claim.  For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the finding that the Board lacks jurisdiction under 5 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

chapter 75 and 5 C.F.R. part 315, subpart H, REVERSE the finding that the Board lacks jurisdiction over the appellant's Veterans Employment Opportunities Act of 1998 (VEOA) claim, DISMISS the VEOA claim for failure to state a claim upon which relief may be granted, VACATE the finding that the appellant failed to state a claim upon which relief may be granted under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), and REMAND the case to the field office for further adjudication of the USERRA claim in accordance with this Order.

## BACKGROUND

¶2 The appellant filed an appeal challenging his termination from the position of Social Insurance Specialist during his probationary period. Initial Appeal File (IAF), Tab 1. The appellant alleged that, because he had completed a probationary period in a previous position, the agency erred by removing him without providing him with due process. *Id.* at 6. The appellant also alleged that the agency denied him a benefit of employment under VEOA by not reinstating him when he was appointed to his position. *Id.* The appellant requested a hearing. *Id*. at 2.

¶3 The administrative judge notified the appellant of the jurisdictional requirements for a claim under VEOA and ordered him to file evidence and argument establishing the Board's jurisdiction over his claim. IAF, Tab 3. The administrative judge also provided the appellant with notice of the jurisdictional requirement for a probationary termination claim and ordered the appellant to file evidence and argument establishing the Board's jurisdiction over such a claim. IAF, Tab 4.

¶4 In response to the show cause order concerning VEOA jurisdiction, the appellant argued that the agency violated his veterans' preference rights by failing to reinstate him to a career-conditional position pursuant to 5 C.F.R. § 315.401(b), rather than hiring him from a certificate after it issued a vacancy

announcement for which he applied. IAF, Tab 6 at 4-5. The appellant further argued that the agency's failure to reinstate him violated USERRA. *Id.* The administrative judge notified the appellant of the jurisdictional requirements under USERRA and ordered him to file evidence and argument that would establish the Board's jurisdiction over a USERRA claim. IAF, Tab 14. The appellant filed a response concerning USERRA jurisdiction asserting that the agency was motivated by "antimilitary animus" when it terminated his employment. IAF, Tab 15 at 8.

¶5 On September 30, 2015, the administrative judge issued an initial decision, without holding a hearing, finding that the Board lacks jurisdiction under 5 U.S.C. chapter 75 because the appellant does not meet the statutory definition of "employee." IAF, Tab 16, Initial Decision (ID) at 6-11. The administrative judge further found that the Board lacks jurisdiction over the appeal under 5 C.F.R. part 315, subpart H, and VEOA, ID at 11-17, and that the appellant failed to state a claim upon which relief could be granted under USERRA, ID at 17-21. The initial decision notified the parties that it would become final on November 4, 2015, if neither party filed a petition for review by that date. ID at 22.

¶6 Using the Board's electronic filing system at e-Appeal Online, the appellant filed a blank petition for review form 6 minutes after midnight on November 5, 2015. Petition for Review (PFR) File, Tab 1. The appellant filed his completed petition for review about 24 minutes later. PFR File, Tab 2. The Clerk of the Board notified the appellant that his petition for review appeared to be untimely and advised him how to file a motion requesting that the petition be accepted as timely or that the filing deadline be waived for good cause shown. PFR File, Tab 3. The appellant filed a motion to have the filing deadline waived because he acted diligently by filing the petition as soon as he became aware of the error in his initial filing. PFR File, Tab 4 at 5-6. The agency responded that

the petition should be dismissed as untimely or denied on the merits.  PFR File, Tab 5.

## ANALYSIS

<u>The appellant has shown good cause for untimely filing his petition for review.</u>

¶7        To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62‑63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8        We find that the appellant exercised due diligence and ordinary prudence under the circumstances by immediately refiling his petition after he realized that he had mistakenly filed a blank copy.  PFR File, Tab 4.  According to the Board's e‑Appeal logs, the appellant's representative logged into the e-Appeal system at 9:03 p.m. on November 4, 2015, and started to submit the petition for review at 11:49 p.m.  Although this original pleading was blank, the e-Appeal logs show that the appellant's representative refiled the correct pleading less than half an hour later.  Given the appellant's representative's attempts to file before the deadline and the minimal filing delay, we find that the appellant has shown good cause for the untimely filing.  *See Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003) (finding that the agency exercised due diligence and showed good cause for filing a petition for review 34 minutes late where its attorney began sending the petition prior to the filing deadline but had technical

problems), *aff'd*, 398 F.3d 1322 (Fed. Cir. 2005).  The agency has not shown that it was prejudiced by the short delay, and, under the circumstances, we waive the filing deadline.  *See id.*

The Board lacks jurisdiction over the appellant's probationary termination claim under 5 U.S.C. chapter 75 and 5 C.F.R. part 315, subpart H.

¶9        Because the appellant's appointment to a position in the competitive service was terminated, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under 5 U.S.C. chapter 75.  *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee," the appellant must show that he was not serving in a probationary or trial period under an initial appointment or had completed 1 year of current, continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).  The Standard Form 50 (SF‑50) documenting the appellant's appointment states that his appointment was subject to a 1-year probationary period beginning on May 12, 2014.  IAF, Tab 12 at 11.  The SF-50 documenting the termination of the appellant's appointment states that the effective date was May 8, 2015.  IAF, Tab 11 at 4.  We agree with the administrative judge's findings that the appellant had not completed the required 1-year probationary period, ID at 7-8, and had not completed 1 year of current continuous service, ID at 10-11.[2]  The administrative judge appropriately

_____

[2] An appellant who has not served a full year under his appointment can show that he has completed his probationary period and is no longer a probationer by tacking on prior service if:  (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010).  Alternatively, an individual can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday. *Id.*  As set forth in the initial decision, neither the appellant's prior military service, nor his civilian service with the Environmental Protection Agency that ended in

concluded that the Board lacks jurisdiction under 5 U.S.C. chapter 75. ID at 6‑11. We also agree with the administrative judge's finding that the Board lacks jurisdiction under 5 C.F.R. part 315, subpart H, because the appellant has not alleged that his probationary termination was based on partisan political reasons, marital status, or preappointment reasons, ID at 11-12; *see* 5 C.F.R. §§ 315.805-315.806.

<u>The Board has jurisdiction over the appellant's VEOA claim, but he is not entitled to corrective action.</u>

¶10    To establish the Board's jurisdiction over a VEOA claim based on an alleged violation of veterans' preference rights, an appellant must show that he exhausted his remedy with the Department of Labor and make a nonfrivolous allegation of the following: (1) he is a preference eligible within the meaning of VEOA; (2) the action at issue took place on or after the October 30, 1998 enactment of VEOA; and (3) the agency violated his rights under a statute or regulation relating to veterans' preference. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008). An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim. *Id.* The Board has held that an allegation in general terms that an appellant's veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Id.*, ¶ 7.

¶11    As found by the administrative judge, the appellant has shown that he exhausted his administrative remedies with the Department of Labor. ID at 14. The appellant also has submitted undisputed evidence that he is a preference eligible within the meaning of VEOA. IAF, Tab 6 at 7-9. Additionally, the actions at issue took place after VEOA's enactment date. The administrative judge found that the appellant failed to establish jurisdiction because he failed to

2012, qualified under either of these alternatives. ID at 8-11; *see Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 15-18 (2004) (explaining that military service cannot be tacked onto civilian service to meet the current continuous service requirements of 5 U.S.C. § 7511(a)).

make a nonfrivolous allegation that the agency violated a statute or regulation pertaining to veterans' preference. ID at 14-17. The appellant alleges that the agency denied him veterans' preference by failing to reinstate him noncompetitively to his position, rather than hiring him after he applied for the position in response to a vacancy announcement. PFR File, Tab 2 at 6-7. Veterans' preference statutes and regulations permit noncompetitive appointments to positions in the competitive service for certain veterans. *See Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 6 (2001). Therefore, the appellant has alleged that the agency violated his rights under a statute or regulation relating to veterans' preference, which is sufficient to meet the nonfrivolous allegation requirement. *See Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006) (finding that an allegation by an appellant, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement).

¶12      Although we modify the initial decision to find that the Board has jurisdiction over the appellant's VEOA claim, we find that the appellant is not entitled to corrective action under VEOA. An appeal that is within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain effective relief before the Board even if his allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011). Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id*. The appellant contends that the agency violated his right to veterans' preference by selecting him through competitive procedures and requiring him to serve a probationary period instead of reinstating him. PFR File, Tab 2 at 6‑8. The appellant has cited no authority, and we know of none, that would require an agency to reinstate a preference-eligible veteran who has applied for a position through the competitive process. On the contrary, agencies have discretion to fill

positions by any authorized method. 5 C.F.R. § 330.102. Thus, we find that the appellant's claim is not one on which corrective action under VEOA can be granted, and we dismiss the VEOA claim, without the requested hearing, based on a failure to state a claim.

The appellant has established jurisdiction over his USERRA discrimination claim under 38 U.S.C. § 4311(a) and is entitled to a hearing.

¶13    USERRA provides, in relevant part, that a person who has performed service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of performance of that service. 38 U.S.C. § 4311(a). To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), the appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009). It is well established that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Id*., ¶ 9.

¶14    The appellant has presented undisputed evidence that he performed duty in a uniformed service. IAF, Tab 6 at 7-8. It is also undisputed that the agency terminated his employment. IAF, Tab 11 at 4-8. In response to the agency's motion to dismiss the USERRA claim for lack of jurisdiction, the appellant alleged, among other things, that his termination was motivated by "antimilitary animus." IAF, Tab 15 at 8. The appellant alleged that the agency has shown hostility toward disabled veterans, active duty military hires, and has placed them at a disadvantage with other employees not in the military, or with preference eligibles "as it did when terminating [him] for unfounded reasons under the guise of temporary status employee." *Id.* The appellant's allegations are vague;

however, lack of specificity is not a basis for finding that the Board lacks jurisdiction over his USERRA claim. *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶¶ 7‑8 (2010); *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). We find that the appellant's claim is a nonfrivolous allegation of a USERRA violation and sufficient to establish the Board's jurisdiction. *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998) (finding that a claim that a probationary termination was the result of military service was within the Board's jurisdiction under USERRA even without an express reference to USERRA or discrimination).

¶15    The initial decision states that, even if the Board has jurisdiction over the appellant's USERRA claim, the claim should be dismissed for failure to state a claim upon which relief can be granted.[3] ID at 19. We do not agree. Dismissal for failure to state a claim upon which relief can be granted is a decision on the merits. *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 12 (2009). Once an appellant has established the Board's jurisdiction over his USERRA claim, he is entitled to a hearing on the merits. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

¶16    The administrative judge cites *Haasz* to support dismissing the appellant's USERRA claim for failure to state a claim. ID at 18. However, *Haasz* does not support her conclusion. *Haasz* is a VEOA appeal in which the Board noted that USERRA was unlike VEOA because USERRA grants an appellant an unconditional right to a hearing once the appeal reaches the merits stage, whereas VEOA does not. *Haasz*, 108 M.S.P.R. 349, ¶ 9. While the Board can adjudicate the merits of the appellant's VEOA claim without a hearing, the same disposition

---

[3] The administrative judge's finding regarding jurisdiction over the USERRA claim is unclear. The initial decision states that the Board lacks jurisdiction under USERRA. ID at 17. However, the administrative judge also adjudicated the merits of the claim by dismissing it for failure to state a claim. ID at 21.

is not appropriate for his USERRA claim. *See Kirkendall v. Department of the Army*, [479 F.3d 830](#), 844-46 (Fed. Cir. 2007).

¶17    Both the administrative judge and the agency note the lack of facts and evidence supporting the appellant's USERRA claim. ID at 19-21; PFR File, Tab 5 at 13. The appellant acknowledged below that the record is incomplete, but argued that discovery is needed to complete the record and address the merits of his claim. IAF, Tab 15 at 7-8. The agency states that the appellant failed to timely file discovery requests. PFR File, Tab 5 at 13 n.4. The administrative judge should determine whether the appellant is entitled to discovery on remand.

¶18    Even if the appellant has waived his right to discovery, the lack of evidence to support his USERRA claim is not a basis for dismissing the claim without holding a hearing. *See Wilson*, [111 M.S.P.R. 54](#), ¶¶ 9‑10. Rather, if the appellant fails to develop his contentions, his claim should be denied on the merits after providing him with the hearing he has requested and to which he is entitled. *See Kirkendall*, 479 F.3d at 846; *Swidecki*, [113 M.S.P.R. 168](#), ¶ 6; *Baker v. Department of Homeland Security*, [111 M.S.P.R. 277](#), ¶ 18 (2009).

## ORDER

¶19    For the reasons discussed above, we remand this case to the field office for further adjudication of the USERRA claim in accordance with this Remand Order.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.