**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY V. BAKA,
    Appellant,

   v.

DEPARTMENT OF JUSTICE,
    Agency.

DOCKET NUMBER
SF-3330-15-0436-I-2

DATE: June 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory V. Baka</u>, Dublin, California, pro se.

<u>Melanie F. Jones</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the Veterans Employment Opportunities Act of 1998 (VEOA) appeal for failure to state a claim upon which relief can be granted. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective January 30, 2015, the agency removed the appellant from his GS-15 Attorney Advisor position with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. *Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-1, Initial Appeal File (I-1 IAF), Tab 11, Subtabs 4a-4b. He filed a complaint with the Department of Labor (DOL) on February 23, 2015, alleging that his removal violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301–4333) (USERRA) and VEOA. I-1 IAF, Tab 1 at 302–04. On February 25, 2015, the appellant amended his January 21, 2015 formal equal employment opportunity (EEO) complaint to include his removal. I-1 IAF, Tab 7 at 4, 11–12. On March 11, 2015, DOL advised him that it had concluded its investigation of his VEOA complaint and that he could file an appeal with the Board as to that claim. I-1 IAF, Tab 1 at 306. Subsequently, on March 24, 2015, he filed an appeal with

the Board regarding his removal. I-1 IAF, Tab 1.[2] Among other things, he asserted that his removal violated VEOA. The administrative judge dismissed both the VEOA appeal and the chapter 43 removal appeal without prejudice as they were prematurely filed because 120 days had not yet passed since the filing of the appellant's EEO complaint, and the agency had not yet issued its final decision on that complaint. I-1 IAF, Tab 12, Initial Decision.

¶3     The appellant petitioned for review of both appeals. He argued that the administrative judge erroneously conflated his EEO complaint with his VEOA appeal. *Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-1, Petition for Review File, Tab 1. He contended that his VEOA appeal already was ripe for adjudication because he had exhausted his administrative remedy with DOL before filing it with the Board. *Id.* He also contended that his VEOA appeal is distinct and severable from his EEO complaint. *Id.*

¶4     The Board agreed with the appellant's arguments on petition for review and forwarded the VEOA appeal to the Western Regional Office for docketing as a refiled appeal. *Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-1, Final Order (Sept. 30, 2015). In its decision, the Board noted that the appellant had checked the box on his initial appeal form indicating that he also was appealing an involuntary retirement and that the administrative judge did not address this claim. *Id.*, ¶ 4 n.4. The Board found that the administrative judge should resolve the issue of whether the appellant continues to pursue this issue during the adjudication of the refiled appeal. *Id.* The Board did not forward the appellant's chapter 43 removal claim for docketing, however, because it appeared that the appellant wished to continue this claim within his EEO complaint. *Id.*

---

[2] The administrative judge docketed three separate matters, all relating to the agency's removal action; the instant VEOA appeal, a chapter 43 removal appeal (*Baka v. Department of Justice*, MSPB Docket No. SF-0432-15-0435-I-1), and an appeal under USERRA (*Baka v. Department of Justice*, MSPB Docket No. SF-4324-15-0437-I-1).

¶5	In the refiled VEOA appeal, the administrative judge found that the appellant established Board jurisdiction over his assertion in his VEOA appeal that the agency subjected him to a reduction in force (RIF) without affording him his veterans' preference rights. *Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-2, Appeal File, Tab 7, Initial Decision (I-2 ID) at 3. However, he found that the appellant failed to establish Board jurisdiction over his assertion that the agency subjected him to an involuntary retirement because the appellant failed to exhaust his administrative remedies before DOL over this matter as neither his VEOA complaint nor DOL's closure letter discuss an involuntary retirement. I-2 ID at 4. Alternatively, the administrative judge found that, to the extent that the appellant had exhausted his remedies with DOL regarding his involuntary retirement claim, he failed to state a claim because the record establishes that he was removed from his position, not that he was retired involuntarily. I-2 ID at 6 n.3.

¶6	The administrative judge also found that there was no evidence that the agency undertook a RIF pursuant to 5 C.F.R. part 351. I-2 ID at 5. He found that the agency removed the appellant for unacceptable performance pursuant to 5 C.F.R. part 432, and the appellant did not identify any statute or regulation providing veterans' preference when an agency removes an employee for unacceptable performance. I-2 ID at 5-6.

¶7	In his petition for review of the refiled appeal, the appellant claims, as he did below, that circumstantial evidence establishes that the agency manufactured his performance deficiencies because it wanted to remove him to lower costs by reducing the number of attorneys in the office where he worked. *Baka v. Department of Justice*, MSPB Docket No. SF-3330-15-0436-I-2, Petition for Review File (I-2 PFR File), Tab 1. He asserts that the agency's actions thus constituted a "de facto" RIF and that the agency should have accorded him veterans' preference, which it would have been required to apply had it utilized formal RIF procedures. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        An appeal that is within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain relief before the Board even if his allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011).  Dismissal for failure to state a claim is appropriate if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id*.  As discussed below, the appellant's allegations on review do not provide a basis for disturbing the initial decision that dismissed the VEOA appeal for failure to state a claim.

¶9        In particular, the appellant has failed to show that the agency was undergoing organizational changes that dictated that it must use RIF procedures. *See Allen v. Office of Personnel Management*, 77 M.S.P.R. 212, 219 (1998).  He failed to show that the agency was precluded from taking the legally authorized action of removal for unacceptable performance.  As the administrative judge properly found and the appellant concedes, there is no statute or regulation providing veterans' preference when removing any employee for unacceptable performance.  I-2 PFR File, Tab 1 at 7.

¶10       In his petition, the appellant also asserts that the administrative judge erred in finding that he failed to exhaust his administrative remedies with DOL as to his alleged involuntary retirement.  As noted, the administrative judge found alternatively that the appellant would not have stated a claim under VEOA if he did exhaust his administrative remedies regarding this action.  We agree.  The Board has recognized that definite knowledge from a specific written notice that an employee faces involuntary separation from his position or from Federal service as of some specific date because of coming organizational changes that may require RIF procedures is a prerequisite before his or her retirement or resignation may be accepted as involuntary and qualifying for discontinued

service retirement. *Allen*, 77 M.S.P.R. at 219. Here, the appellant neither received such notice, nor was the agency under any obligation to issue such notice.[3] Thus, he did not state a claim under VEOA as to his alleged involuntary retirement.

¶11        In his petition, the appellant asserts further that the agency's removal of him for unacceptable performance was in error. This assertion, however, is beyond the scope of this VEOA appeal. As noted, the Board's Regional Office properly docketed the appellant's allegations challenging the agency's assertions regarding his performance as a separate appeal. *See Baka v. Department of Justice*, MSPB Docket No. SF-0432-15-0435-I-1. Thus, the Board agreed that the merits of the agency's removal action must be addressed in the separately docketed chapter 43 removal appeal.[4]

---

[3] The Board distinguishes alleged involuntary retirements in the RIF context that can result in discontinued service annuities from alleged involuntary decisions to retire made under duress, coercion, and misrepresentation by the agency. Evidence and argument that a presumably voluntary retirement was the product of agency coercion, misrepresentation, or duress is relevant to proof that the retirement was actually an adverse action (removal) that is directly appealable to the Board. *See Taylor v. U.S. Postal Service*, 73 M.S.P.R. 67, 71, *aff'd*, 121 F.3d 727 (Fed. Cir. 1997) (Table).

[4] The appellant's appeal of the merits of the removal raised in the EEO complaint is now ripe for consideration as more than 120 days have passed since the filing of his formal complaint. *See* 5 C.F.R. § 1201.154(b)(1). Even though the appellant asserts in his petition for review that he was improperly removed for unacceptable performance, he has not indicated that he wishes to pursue his chapter 43 removal appeal before the Board or that the agency has issued its final decision on his discrimination complaint. Thus, if the appellant wishes to pursue his removal appeal further and have the Board address the merits of the agency's action, he must refile his appeal docketed as *Baka v. Department of Justice*, MSPB Docket No. SF-0432-15-0435-I-1, with the Board's Western Regional Office no later than within 30 days of receiving the agency's final decision. *See* 5 C.F.R. § 1201.154(b)(1).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.