# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD TALAMANTE,
　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
DE-0842-21-0222-I-1

DATE: April 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Talamante, Phoenix, Arizona, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to state a claim upon which relief can be granted. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the initial decision and instead AFFIRM the final decision of the Office of Personnel Management (OPM) denying the appellant's retirement application under the Federal Employees' Retirement System (FERS).

## BACKGROUND

On October 3, 2001, the appellant resigned from his position in the U.S. Customs and Border Protection. Initial Appeal File (IAF), Tab 5 at 19. He requested a refund of his retirement deductions on December 3, 2001, and OPM processed his refund in the amount of $7,363.24 on April 24, 2002. *Id.* at 16, 20, 26-27. The application for refund of retirement deductions informed the appellant that payment of the refund would result in "permanent forfeiture of any retirement rights" based on the periods of Federal service which the refund covered. *Id.* at 26.

On March 9, 2021, the appellant applied for a deferred FERS annuity. *Id.* at 10-13. In an April 14, 2021 final decision, OPM denied his retirement application, concluding that he was not eligible for an annuity because he had previously applied for and been authorized a refund of his retirement deductions. *Id.* at 9. OPM advised the appellant of his right to appeal the decision to the Board. *Id.*

The appellant filed a Board appeal challenging OPM's final decision. IAF, Tab 1. He alleged that he did not recall ever signing for a refund of his retirement deductions or receiving the refund check. *Id.* at 4, 6. OPM submitted the appellant's application for a refund of retirement deductions and records reflecting that the appellant's refund of retirement contributions was authorized and paid. IAF, Tab 5 at 16, 20, 26-27. The administrative judge issued an order for the appellant to show cause as to why he should not find that the appellant requested and received a refund. IAF, Tab 6 at 2. The appellant did not respond. The administrative judge then issued an order for the appellant to show cause as to why he should not find that the appellant failed to state a claim for which relief may be granted. IAF, Tab 7 at 2. The appellant did not respond. Two weeks later, the administrative judge issued an initial decision that dismissed the appeal for failure to state a claim upon which relief could be granted. IAF, Tab 8, Initial Decision (ID) at 2.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal for failure to state a claim upon which relief may be granted.</u>

An appeal may be dismissed for failure to state a claim upon which relief may be granted if the appellant cannot obtain effective relief before the Board even if his allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011). Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id.*

Because the administrative judge relied on documentary evidence submitted by the agency to conclude that the appellant requested and received a refund of his retirement deductions despite the appellant's assertions that he did

not request or receive a refund, ID at 1-2, it was inappropriate for the administrative judge to dismiss the appeal for failure to state a claim upon which relief can be granted. *See Williamson v. U.S. Postal Service,* 106 M.S.P.R. 502, ¶ 9 n.\* (2007); *see also Ainslie v. United States*, 355 F.3d 1371, 1373 (Fed. Cir. 2004). Thus, we vacate the administrative judge's determination that the appellant failed to state a claim upon which relief can be granted. As discussed below, we instead affirm OPM's final decision denying the appellant's application for retirement benefits.

<u>We affirm OPM's final decision denying the appellant's retirement application.</u>

An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Townsend v. Department of Justice,* 83 M.S.P.R. 427, ¶ 9 (1999); 5 C.F.R. § 1201.56(b)(2)(ii). An individual's receipt of FERS retirement deductions for a period of service generally voids his right to a FERS retirement annuity for that period absent a redeposit of those deductions. 5 U.S.C. § 8424(a); *Pagum v. Office of Personnel Management*, 55 M.S.P.R. 648, 651 (1992); 5 C.F.R. §843.202(b). When, as here, the appellant denies receipt of a refund of retirement deductions, he bears the burden of proving such nonreceipt by preponderant evidence. *Manoharan v. Office of Personnel Management,* 103 M.S.P.R. 159, ¶ 12 (2006).[2]

Here, the administrative judge noted that, based on the agency's documentary evidence, the appellant requested and received a refund of his retirement deductions. ID at 1-2. In his petition for review, the appellant does not dispute that he applied for a refund. PFR File, Tab 1. He reasserts that he did not receive the check OPM claims that it sent to him and argues that he has never been presented with proof that he was issued a refund. *Id.* at 4-5; IAF, Tab 1 at 4,

---

[2] As noted, this appeal involves an application for retirement benefits and the refund of deductions under FERS. *Manoharan* and other cases cited in this decision involve applications and refunds under the Civil Service Retirement System (CSRS). Because of the similarities between the retirement systems, we discern no reason not to rely on the cases involving the CSRS in this decision.

6.  As discussed below, the appellant failed to prove nonreceipt of a refund of his retirement deductions by preponderant evidence.[3]

The Board has previously held that normal office records, compiled in the ordinary course of business, are admissible and are entitled to substantial weight. *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd per curiam*, 950 F.2d 731 (Fed. Cir. 1991) (Table).  When definitive proof that the appellant actually received a refund no longer is available because of the appellant's delay in pursuing his claim, the Board has found that OPM's ability to defend the appeal has been impaired and that OPM would be unduly prejudiced if the Board required it to produce definitive proof of the appellant's actual receipt of the check.  *See Sosa v. Office of Personnel Management,* 76 M.S.P.R. 683, 686 (1997) (finding OPM was prejudiced by 25-year delay in raising a claim of nonreceipt of a check); *DeLeon v. Office of Personnel Management,* 49 M.S.P.R. 369, 373 (1991) (finding OPM was prejudiced by 23-year delay in raising a claim of nonreceipt of a check).  In such circumstances, the Board has found that OPM's record of an appellant's application for a refund, in conjunction with records reflecting that it authorized payment, is sufficient to establish that the appellant received the refund.  *DeLeon*, 49 M.S.P.R. at 372-73; *Rint*, 48 M.S.P.R. at 72.  The Board has also found that, if an appellant can show that he placed OPM on notice that he did not receive the requested refund within a period of time such that OPM could have ascertained whether the check it mailed was

---

[3] As noted, the administrative judge ordered the appellant to show cause why his appeal should not be dismissed for failure to state a claim upon which relief could be granted because he had obtained a refund of his retirement deductions.  IAF, Tabs 6-7.  Although failure to state a claim was an incorrect legal theory, this error did not prejudice the appellant as he was clearly informed that the issue in the appeal was his receipt of a refund of his deductions.  *Id.*; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Furthermore, while the administrative judge failed to set forth the appellant's burden of proof, this error also did not prejudice the appellant as he did not respond and the agency's submission stated that the appellant bore the burden of proof by preponderant evidence.  IAF, Tab 5 at 5-6.

negotiated, he may be able to carry his burden to establish that the refund was not paid. *See Manoharan*, 103 M.S.P.R. 159, ¶ 18 (finding that the appellant informing OPM of his nonreceipt of a check less than 4 months after its apparent mailing would have allowed OPM to ascertain the status of the check).

OPM's routine records demonstrate that the appellant applied for a refund, and that OPM authorized a refund. IAF, Tab 5 at 16, 20, 26-27. There is no evidence that the check was not processed, and there is no evidence showing nonreceipt of the refund by the appellant. In the present appeal, there is close to a 19-year delay between when OPM issued the refund check and when the appellant applied for retirement benefits and claimed nonreceipt of the refund check. *Id.* at 13, 16. Because of the length of delay in raising the claim, and because the only definitive record of actual payment is not available, OPM would be unduly prejudiced were we to require that it produce definitive proof of actual receipt of the check. *See Rint,* 48 M.S.P.R. at 72.

Weighing OPM's documentary evidence against the appellant's unsupported assertions, we find that the appellant has failed to overcome the evidence to the contrary and prove by preponderant evidence that he did not receive a refund of his retirement deductions in 2002. The appellant's receipt of his retirement deductions voided his right to an annuity based on his service covered by the refund. *See Pagum*, 55 M.S.P.R. at 651. Thus, we affirm OPM's final decision denying the appellant's FERS retirement application.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.