NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**GARY MCLEOD MANN,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2011-3182

---

Petition for review of the Merit Systems Protection Board in case no. AT3330101108-I-1.

---

Decided: December 12, 2011

---

GARY MCLEOD MANN, of Hinesville, Georgia, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before LOURIE, PLAGER, and DYK, *Circuit Judges*.

PER CURIAM.

Gary McLeod Mann petitions for review of a final order of the Merit Systems Protection Board ("Board"). The Board denied Mann's request for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA") with respect to the Army's refusal to consider Mann's application for employment. *Mann v. Dep't of Army* ("*Final Order*"), No. AT-3330-10-1108-I-1 (M.S.P.B. Jun. 9, 2011). We *affirm*.

## BACKGROUND

The Army announced a vacancy for a Management Analyst position in the Directorate of Logistics at Fort Stewart, Georgia, on July 26, 2010. Eligibility for the vacancy was limited to "[c]urrent Army employees." S.A. 23. Mann applied for the position, and the agency informed Mann that he was not eligible for the position because he was not employed by the agency at the time of the vacancy announcement. Mann, who is a veteran, subsequently filed a complaint with the Veterans' Employment and Training Service at the Department of Labor alleging that the agency violated his veterans' preference rights under the VEOA by not considering him for the position. The Department of Labor found that the VEOA requires an agency to consider eligible veterans only if the agency is recruiting from outside of its own workforce and that no violation had occurred because the Management Analyst vacancy was limited to current agency employees.

Mann appealed to the Board on September 20, 2010, contending that the limitation excluding non-agency employees from applying for the position was a violation of his veterans' preference rights. Mann submitted re-

quests for discovery, pursuing a different theory, i.e., that the agency had in fact accepted other applications from outside of the agency's own workforce and was thus obligated to also consider his application. On October 21, 2010, Mann submitted a First Request for Discovery, requesting, among other things, the agency to admit that it had accepted applications from outside of its own workforce for the position. In its response, the agency denied having accepted applications from outside of its own workforce for the position. On November 24, 2010, Mann submitted a Second Request for Discovery, which was similar to the first request, but was directed to specific agency employees. The agency objected on the ground that the specific employees were not parties to the action, but again denied having accepted applications from outside of the agency's own workforce. On December 22, 2010, Mann filed a Motion to Compel Discovery alleging that the agency refused to answer his requests.

The Administrative Judge ("AJ") found that 5 U.S.C. § 3304(f)(1) requires agencies to give veterans an opportunity to compete for a position only if the agency accepts applications from outside of its own workforce. Because the announcement for the position limited eligible applicants to current agency employees, the AJ held that the agency was not required to consider Mann for the position. The AJ also denied Mann's Motion to Compel Discovery. The AJ dismissed the case for failure to state a claim upon which relief could be granted. Mann petitioned for review by the full Board. The Board corrected the disposition from a dismissal for failure to state a claim to a denial of Mann's request for corrective action, and denied Mann's petition for review. *Final Order*, slip op. at 3. Mann timely petitioned for review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

Mann's first argument is that the agency violated the VEOA by limiting the position to applicants from within the agency's own workforce. The VEOA provides in relevant part that "veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1).[1] We have held that the VEOA guarantees veterans "a right to apply and an opportunity to compete" for agency vacancies that are open to applicants from outside of an agency's own workforce under merit promotion procedures. *Joseph v. F.T.C.*, 505 F.3d 1380, 1383 (Fed. Cir. 2007). But the Act does not provide veterans an opportunity to compete for vacant positions for which the agency making the announcement will not accept applications from individuals outside its own workforce. Mann's contention that the agency violated the VEOA in limiting consideration for

---

[1] 5 U.S.C. § 3304(f)(4) ensures that veterans will receive notice of their eligibility to compete when positions are open to applicants from outside of the agency's own workforce. It provides that "[t]he area of consideration for all merit promotion announcements which include consideration of individuals of the Federal workforce shall indicate that . . . veterans . . . are eligible to apply." *Id.*

the position to individuals within the agency is without merit.

Mann alternatively argues that the agency accepted applications for the Management Analyst position from outside of the agency's own workforce and was thus obligated under 5 U.S.C. § 3304(f)(1) to also consider his application. It is undisputed that the vacancy announcement limited eligible applicants to "[c]urrent Army employees." S.A. 23. Further, the agency's responses to Mann's initial discovery requests expressly denied having accepted applications for the position from outside of its own workforce. Thus, substantial evidence supports the Board's conclusion that the agency only considered applications from within its own workforce, and in turn, that no violation of section 3304(f)(1) had occurred.

Mann also argues that the AJ improperly denied his Motion to Compel Discovery. Mann has failed to establish that he had not received full responses from the agency to both of his requests for discovery. In these circumstances, we find no error in the denial of Mann's Motion to Compel Discovery. *See Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378–79 (Fed. Cir. 1988).

## AFFIRMED

### COSTS

No costs.