**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DWAYNE L. LESTER,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DC-3330-15-0379-I-1

DATE: December 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dwayne L. Lester, Laurel, Maryland, pro se.

Luis E. Ortiz, Orlando, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the jurisdictional issue, we AFFIRM the initial decision.

¶2 The appellant filed a VEOA appeal alleging that the agency violated his veterans' preference rights by issuing a vacancy announcement limited to agency employees only. Initial Appeal File (IAF), Tabs 1, 9 at 2. The appellant argued that he should be allowed to apply for all vacancies because he is a preference-eligible veteran. *Id.* He also argued that the agency's action denied his right to apply for the position in violation of 5 U.S.C. § 3304(f)(4).[2] IAF, Tab 9 at 2. He enclosed with his appeal a letter from the Department of Labor's (DOL) Veterans' Employment and Training Service dated January 8, 2015, terminating its investigation of his veterans' preference complaint and concluding that the agency followed proper procedures in posting its open position. IAF, Tab 1 at 31.

---

[2] Section 3304(f)(4) states that: "[t]he area of consideration for all merit promotion announcements which include consideration of individuals of the Federal workforce shall indicate that preference eligibles and veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service are eligible to apply. The announcements shall be publicized in accordance with" 5 U.S.C. § 3327.

¶3    The administrative judge issued an order setting forth the jurisdictional requirements under VEOA, and she ordered the appellant to file evidence and argument establishing the Board's jurisdiction.  IAF, Tab 2 at 2-3.  The agency responded by filing a motion to dismiss the appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation that the agency denied his veterans' preference rights or his opportunity to compete.[3]  IAF, Tab 8 at 5.  The agency argued that the appellant was afforded his veterans' preference rights because it accepted and considered his application for the Supervisor Visual Information Specialist position pursuant to vacancy announcement ZY-14-MB‑1263216, which was open to "status candidates (merit promotion and VEOA eligibles)."  *Id*.

¶4    The agency stated that the appellant was deemed qualified for the position and his name was placed on the certificate of eligibles and forwarded to the selecting official, although he was not selected.  *Id*. at 5, 16.  The agency provided a copy of the certificate of eligibles rating the appellant as an eligible candidate for the announced vacancy and noting his CPS[4] veterans' preference. *Id*.  The agency also provided a copy of vacancy announcement ZY-14-MB‑1263216, which advised current agency employees to apply under vacancy announcement ZY-14-MB-1258351.  *Id*. at 21.  In response, the appellant argued that the agency violated his right, as a preference‑eligible veteran, to apply for positions that are open to agency employees only.  IAF, Tab 9 at 4.

¶5    Without making an explicit ruling on the issue of jurisdiction, the administrative judge issued an initial decision based on the written record and

---

[3] The agency set forth the criteria required to establish the Board's jurisdiction in a VEOA appeal based on an alleged violation of veterans' preference rights and an alleged denial of a right to compete for a position.  IAF, Tab 8 at 4-5.

[4] Preference eligible veterans with a compensable service-connected disability of 30 percent or more are placed in the "CPS" preference group.  *See* Veterans' Preference, FedsHireVets, https://www.fedshirevets.gov/job/vetpref/ (last visited on Dec. 20, 2016).

denied the appellant's request for corrective action under VEOA. IAF, Tab 11, Initial Decision (ID) at 5. The administrative judge found that the agency issued two announcements for the position, one open to internal candidates only and one open to status candidates, including veterans. ID at 4. The administrative judge also found that no law or regulation prohibited the agency from limiting areas of consideration for its vacancy announcement, as long as veterans were allowed to compete when the agency sought candidates from outside its own workforce. *Id*. He further found it undisputed that the appellant competed for the position at issue under the announcement open to status candidates. *Id*. Because the appellant was considered and referred for the position he sought, the administrative judge found no merit to his contention that the agency denied his veterans' preference rights. ID at 5.

¶6    The appellant filed a petition for review restating his argument that preference‑eligible veterans have a right to compete for all merit promotion vacancy announcements without limitation. Petition for Review (PFR) File, Tab 1 at 4, 6. The appellant emphasizes that he is not challenging the agency's selection process, and he argues that the administrative judge is biased in favor of the agency and ignored his claim that he was denied the right to compete. *Id*. at 2, 4. The agency responded in opposition to his petition. PFR File, Tab 3.

The appellant has not established that the administrative judge was biased.

¶7    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party must show that any such bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before him. *Ali v. Department of the Army*, 50 M.S.P.R. 563, 568 (1991). On review, the appellant makes the conclusory argument that the Board has cheated veterans out of their rights "to help the Agencies do what they want." PFR File, Tab 1 at 4. The appellant's argument appears to be mere disagreement with the

administrative judge's denial of his request for corrective action under VEOA based on applying the law to the undisputed facts alleged on appeal. The fact that the administrative judge ruled against the appellant is not sufficient evidence to show bias. *Rolon v. Department of Veterans Affairs*, 53 M.S.P.R. 362, 366-67 (1992). We therefore reject the appellant's suggestion that the Board is biased in favor of the agency.

<u>The appellant has not established Board jurisdiction under VEOA over his claim alleging a denial of his right to compete.</u>

¶8		The existence of the Board's jurisdiction is a threshold issue in adjudicating an appeal, and the Board may raise the issue of jurisdiction at any time during a Board proceeding. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 4 (2010). The administrative judge denied the appellant's request for corrective action under VEOA, without specifically adjudicating the jurisdictional issue. We find that the issue of jurisdiction must be addressed on review.

¶9		The Board has jurisdiction over two types of VEOA claims: (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims). To establish Board jurisdiction over this appeal based on a "right to compete" claim under 5 U.S.C. § 3330a(a)(1)(B), the appellant must: (1) show that he exhausted his remedy with DOL and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1).[5] *Becker*, 115 M.S.P.R. 409, ¶ 5. To prevail on

---

[5] One type of selection process is the merit promotion process, which is used when a position is to be filled by an employee of the agency or by an applicant from outside the

the merits in a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B), the appellant must prove the jurisdictional elements by preponderant evidence. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010).

¶10       The appellant proved that he had exhausted his remedy with DOL, and he made nonfrivolous allegations that he is a preference-eligible veteran and that the action at issue took place after December 10, 2004.  IAF, Tab 1 at 23-24, 31, Tab 9 at 5, 14-15.  However, the appellant does not allege that the agency violated 5 U.S.C. § 3304(f)(1) by denying him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce.  IAF, Tab 9 at 1.  He alleges that the agency denied him the right to apply for a position under a vacancy announcement limited to applicants from within its own workforce in violation of 5 U.S.C. § 3304(f)(4).  IAF, Tab 9 at 15; PFR File, Tab 1 at 4, 6.  We therefore find that the appellant has failed to make a nonfrivolous allegation of jurisdiction under VEOA based on the denial of a right to compete.[6]

¶11       To establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A), an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action(s) at issue took place on or after the 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim.  *Slater v. U.S. Postal Service*,

agency who has "status" in the competitive service.  *See* 5 C.F.R. § 335.103(b)(1); *see also Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9 (2005).

[6] Although the appellant also claimed discrimination based on age, race, and disability, the Board has no authority to review discrimination claims covered under 5 U.S.C. § 7702(a)(1) in VEOA appeals.  IAF, Tab 1 at 33, 35; *see Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

112 M.S.P.R. 28, ¶ 5 (2009). To prevail on the merits in a claim under 5 U.S.C. § 3330a(a)(1)(A), the appellant must prove the jurisdictional elements by preponderant evidence. *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).

¶12　　Because the appellant exhausted his claims with DOL and made nonfrivolous allegations that he is a preference-eligible veteran and that the action at issue took place after the enactment date of VEOA, the only remaining jurisdictional issue is whether the appellant made a nonfrivolous allegation that the agency violated his rights under a statute or regulation relating to veterans' preference. The appellant alleged that the agency violated 5 U.S.C. § 3304(f)(4) by refusing to consider his application for a Supervisory Visual Information Specialist position under job announcement ZY-14-MB-125835 because the applicant pool was limited to agency employees, and he was not an agency employee. IAF, Tab 9 at 15.

¶13　　As previously stated, pursuant to 5 U.S.C. § 3304(f)(4), "[t]he area of consideration for all merit promotion announcements which include consideration of individuals of the Federal workforce shall indicate that preference eligibles and veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service are eligible to apply." The express language of section 3304(f)(4) relates to veterans' preference. We therefore find that the appellant made a nonfrivolous allegation of jurisdiction based on his claim that the agency violated section 3304(f)(4) by refusing to consider his application under a vacancy announcement limiting the area of consideration to agency employees only. Accordingly, we must adjudicate the merits of this claim.

¶14　　VEOA provides in pertinent part that "veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1) (emphasis

added); *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (finding that VEOA prohibits an agency from denying a preference eligible the opportunity to compete). Here, the appellant does not dispute the administrative judge's finding that the agency considered his application for the same Supervisory Visual Information Specialist position under the concurrently issued job announcement ZY-14-MB-1263216, which was open to status candidates (merit promotion and VEOA eligibles), and the record reflects that his veterans' preference was considered in the selection process. IAF, Tab 8 at 5, 21; ID at 4.

¶15      Moreover, the appellant's contention that the agency violated his veterans' preference rights under 5 U.S.C. § 3304(f)(4), by limiting consideration for the position at issue to individuals within the agency, is without merit. *See Mann v. Department of the Army*, 450 F. App'x 970, 973 (2011). His reliance on 5 U.S.C. § 3304(f)(4) is misplaced. That provision only requires agencies to indicate that preference eligibles and veterans may apply when the area of consideration under a merit promotion announcement includes "individuals of the Federal workforce."[7] *Id*., n.1. The area of consideration under the job announcement at issue was limited to current employees of the agency, not the entire Federal workforce, and therefore 5 U.S.C. § 3304(f)(4)did not apply.

¶16      Because the appellant has failed to prove by preponderant evidence that the agency violated a statute or regulation relating to veterans' preference, we deny his request for corrective action under VEOA.

---

[7] If the Board were to interpret the meaning of 5 U.S.C. § 3304(f)(4) to require that an agency must consider applications from preference‑eligible veterans outside of the area of consideration stated in a merit promotion announcement open to agency employees only, it would render superfluous 5 U.S.C. § 3304(f)(1). *See generally Mann*, 450 F. App'x at 973 (observing that VEOA does "not provide veterans an opportunity to compete for vacant positions for which the agency making the announcement will not accept applications from individuals outside its own workforce").

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.