**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KATHY K. STRAND,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DE-3330-17-0063-I-1

DATE: July 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathy K. Strand, Kansas City, Missouri, pro se.

Kristine H. Bell, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED. We MODIFY the initial decision to find that the Board has

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction over her appeal and DISMISS the appeal for failure to state a claim upon which relief can be granted.

## BACKGROUND

¶2    The appellant, a Training Instructor, GS-1712-13, with the agency's Combined Arms Center (CAC), applied for a temporary promotion to Director, CAC G5, GS-1701-14.  Initial Appeal File (IAF), Tab 8 at 19, Tab 9 at 12-16, 23-26.  The appellant was deemed qualified for and interviewed for the position, but the panel conducting the interviews did not select her as one of the three applicants referred to the selecting official.  IAF, Tab 1 at 5, Tab 9 at 18, 23-26. On October 19, 2016, the appellant learned she was not selected for the position. IAF, Tab 1 at 5, 8.

¶3    On November 1, 2016, the appellant filed a Board appeal alleging she was unfairly not selected for the Director position, noting that her DD Form 214 was attached to her application, and that she had filed a whistleblowing complaint with the Office of Special Counsel.  *Id.* at 3-5, 9-12.  The administrative judge issued an order notifying the appellant of the requirements to establish Board jurisdiction over her claim under the Veterans Employment Opportunities Act of 1998 (VEOA) and ordering her to file statements and documentation addressing exhaustion of her administrative remedy with the Department of Labor (DOL), her status as a preference eligible, and the statute or regulation relating to veterans' preference that was violated.  IAF, Tab 3 at 2-7.

¶4    The appellant filed a response in which she alleged that the agency's lack of internal procedures for promotion resulted in an adverse impact under the Uniform Guidelines.  IAF, Tab 8 at 5.  She also alleged that the agency committed prohibited personnel practices under 5 U.S.C. § 2302(b) when it gave another applicant preference and denied her the ability to compete using veterans' preference, narrowly restricted the applicant pool to within the agency and by grade level, and moved the selectee to the position before her selection.  *Id.*

at 5-6. The appellant also stated that "Board jurisdiction may exist where the non-selection is the product of discrimination based on uniformed service" and cited 38 U.S.C. §§ 3311, 4324 in support of this proposition. *Id.* at 6. The agency moved to dismiss the appeal, arguing that the appellant failed to establish jurisdiction because she did not allege a violation of her veterans' preference rights. IAF, Tab 9 at 6-9. The agency further argued that, in the event the administrative judge found jurisdiction, the appeal should be dismissed for failure to state a claim upon which relief could be granted, because veterans' preference does not apply to merit promotions limited to agency employees. *Id.* at 9-10.

¶5 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). The administrative judge found that it was not disputed that the appellant exhausted her administrative remedy with DOL and made nonfrivolous allegations that she is a preference eligible and the action took place on or after the enactment of VEOA. ID at 3. However, he found that the appellant did not assert that the agency violated a statute or regulation relating to veterans' preference, and that veterans' preference did not apply to current employees who seek a promotion, particularly when merit promotion principles are used. ID at 3-4. Finally, the administrative judge found that the Board lacked jurisdiction in a VEOA appeal to consider the appellant's claims of prohibited personnel practices. ID at 4. The administrative judge also advised the appellant of her right to file a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). ID at 4-5.

¶6 The appellant has filed a petition for review of the initial decision, to which the agency has filed an opposition. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant argues that she met her jurisdictional burden, and she is entitled to a hearing because the agency is not following its internal recruitment policy, the agency's use of its internal recruitment policy instead of external recruiting denied her the ability to compete under veterans' preference, and the

agency failed to promote the employment and advancement of veterans under 38 U.S.C. § 4214.  PFR File, Tab 1 at 5-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal for lack of jurisdiction.</u>

¶7        Generally, to establish Board jurisdiction over a veterans' preference VEOA appeal brought pursuant to 5 U.S.C. § 3330a, an appellant must:  (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated her rights under a statute or regulation relating to veterans' preference.  5 U.S.C. § 3330a(a); *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008).[2]  An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim. *Haasz*, 108 M.S.P.R. 349, ¶ 6.

¶8        In this case, the record reflects, and it is undisputed, that the appellant showed that she exhausted her remedy with DOL and that she made nonfrivolous

---

[2] An appellant also may establish Board jurisdiction over a "right to compete" VEOA appeal brought under 5 U.S.C. § 3330a(a)(1)(B).  To establish jurisdiction over such a claim, she must:  (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a preference eligible or veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce.  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).  Here, although the appellant alleged that the agency "violated my ability to compete" for the vacancy at issue using her veterans' preference, her right to compete for the vacancy was not implicated because, as explained below, the agency did not accept applications from outside its own workforce.  IAF, Tab 8 at 6; 5 U.S.C. § 3304(f)(1); *see Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015).

allegations that she is a preference eligible under 5 U.S.C. § 2108(3)(B) and that her nonselection for the vacancy at issue occurred after October 30, 1998.  IAF, Tab 1 at 5, Tab 8 at 7-8, 17, Tab 9 at 7.  Therefore, the only remaining issue is whether the appellant made a nonfrivolous allegation that the agency violated her rights under a statute or regulation relating to veterans' preference.

¶9        At the jurisdictional stage, an appellant's claim that the agency violated her veterans' preference rights should be liberally construed.  *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006); *Young v. Federal Mediation and Conciliation Service*, 93 M.S.P.R. 99, ¶¶ 6-7 (2002) (citing the legislative history of VEOA for the proposition that it was intended to be a "user-friendly, yet effective" redress mechanism for the violation of veterans' preference rights), *aff'd*, 66 F. App'x 858 (Fed. Cir. 2003).  Although the appellant's response to the order on jurisdiction alleged violations of 5 U.S.C. § 2302(b), intertwined in the appellant's allegations was her claim that the agency denied her the ability to compete using her veterans' preference.  IAF, Tab 8 at 6.  Additionally, the appellant alleged that her nonselection could be a violation of 38 U.S.C. §§ 3311 and 4324, which pertain, respectively, to veterans' educational assistance and the enforcement of USERRA rights.  *Id.*  Pro se petitioners are not expected to frame issues with the precision of a common law pleading, and an appellant's allegation, in general terms, that her veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation standard.  *Elliott*, 102 M.S.P.R. 364, ¶ 8; *see Haasz*, 108 M.S.P.R. 349, ¶ 7 (finding that the appellant's allegation that the agency violated an unspecified law relating to veterans' preference was sufficient to meet the nonfrivolous allegation requirement).  We find that the appellant's arguments were sufficient to make a nonfrivolous allegation that her rights under a statute relating to veterans' preference was violated and modify the initial decision to find that the appellant established Board jurisdiction over her appeal.

<u>Although the Board has jurisdiction over the appeal, it must be dismissed for failure to state a claim upon which relief can be granted.</u>

¶10    We nevertheless dismiss the appellant's request for corrective action because she has failed to state a claim upon which relief can be granted. An appeal that is within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain effective relief before the Board even if her allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011). In appraising the sufficiency of an appeal, the Board will not dismiss an action for failure to state a claim unless it appears beyond doubt that the appellant can prove no set of facts in support of her claim that would entitle her to relief. *Id.* Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in her favor, she cannot prevail as a matter of law. *Id.*

¶11    Below, the administrative judge placed the appellant on notice of her burden to show a genuine dispute of material fact in order to receive a hearing. The administrative judge stated in the jurisdictional order that, "If the appellant meets the burden of proving jurisdiction, he will be granted a hearing if he requested one and shows that there is a genuine dispute of material fact that must be resolved to determine whether the agency violated any of the rights discussed above." IAF, Tab 3. The administrative judge also defined the terms "genuine" and "material," as well as the preponderant evidence standard. *Id.* at 7. Furthermore, the appellant, on review, acknowledges that the Board may make a decision without a hearing in her case "if there is no dispute of material fact and one party must prevail as a matter of law" and then she sets out allegedly disputed facts. PFR File, Tab 1 at 7. However, none of these allegedly disputed facts go to the issue of whether the vacancy process utilized merit promotion procedures, and both parties agree that the vacancy process was merit promotion. Therefore, we find that the appellant had adequate notice of the standard and burden of proof

she needed to prove jurisdiction. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 14 (2007).

¶12    In the initial decision, the administrative judge correctly observed that an employee is not entitled to veterans' preference in the merit promotion process, or when an employee seeks a promotion or intra-agency transfer under an announcement limited to internal candidates. ID at 3-4; *see Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007) (holding that an employee is not entitled to veterans' preference in the merit promotion process); *Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 7 (2009) (finding that veterans' preference does not apply when an employee seeks a promotion under an announcement limited to internal candidates). The appellant has conceded that the vacancy announcement at issue utilized the merit promotion process and limited applicants to "[c]urrent permanent Career or Career-Conditional Army employees with competitive status." IAF, Tab 9 at 12, PFR File, Tab 1 at 4. She acknowledges that the agency advertised the vacancy internally as a temporary promotion and has not alleged that the agency considered applicants from outside of the agency. PFR File, Tab 1 at 6-7. Because eligibility for the temporary promotion was limited to candidates internal to the agency, the appellant was not entitled to veterans' preference concerning this vacancy. The appellant contends that the agency did not retain documents pertaining to the selection and that she disputes material facts as to the selection process, but there are no material facts in dispute regarding the agency's use of merit promotion procedures to make a selection for the vacancy at issue. *Id.* at 5-7. Thus, the appellant's claim is not one on which corrective action under VEOA can be granted, and we dismiss her request for corrective action based on her failure to state a claim upon which relief can be granted. *See Brown v. Department of Veterans Affairs*, 247 F.3d 1222, 1224-25 (Fed. Cir. 2001) (holding that the petitioners failed to state a claim upon which a request for relief could be granted because they were not entitled to veterans' preference when seeking promotions or intra-agency transfers).

¶13	The appellant's argument—that the agency's decision to advertise the vacancy internally, instead of accepting applicants from outside of the agency, denied her the ability to compete under veterans' preference—does not provide a basis for relief. IAF, Tab 8 at 6, PFR File, Tab 1 at 5-7. No provision of VEOA limits the agency's ability to use the selection process that it deems most suitable to filling a particular vacancy. *See Mann v. Department of the Army*, 450 F. App'x 970, 972-73 (Fed. Cir. 2011) (holding that the appellant's contention that the agency violated VEOA in limiting consideration for the position to individuals within the agency was without merit);[3] *Joseph*, 505 F.3d at 1384 (holding that, when the agency advertised a vacancy under both competitive-examining and merit-promotion procedures, no statutory or regulatory provision required the agency to limit itself to the competitive-examination process in making its final selection).

¶14	Moreover, the appellant argues that the agency is required under 38 U.S.C. § 4214 to promote the employment and advancement of veterans, and that it failed to do so here.[4] PFR File, Tab 1 at 5-7. Under 38 U.S.C. § 4214(a)(1), it is the policy of the United States to "promote the maximum of employment and job advancement opportunities within the Federal Government for qualified covered veterans[.]" However, our reviewing court has concluded that this general statement of purpose does not enlarge veterans' preference to apply to promotions and inter-agency transfers. *Brown*, 247 F.3d at 1224-25 (observing that section 4124(a) was enacted as part of the Vietnam Era Veterans' Readjustment

---

[3] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[4] Although the appellant cites this statutory provision for the first time on review, she made a variation of this argument below insofar as she appeared to allege that the agency's internal promotion process had an adverse effect on veterans, and so we briefly address this argument. IAF, Tab 8 at 5.

Assistance Act of 1974, which accorded veterans' preference only for initial employment).

¶15    The appellant's other arguments concern the agency's internal policies or do not implicate a statute or regulation pertaining to veteran's preference, and we find them without merit. PFR File, Tab 1 at 5-7. For the reasons set forth above, we find that the appellant has failed to state a claim upon which relief can be granted and dismiss her request for corrective action.

The administrative judge correctly found that the Board lacked jurisdiction to consider the appellant's prohibited personnel practice claims.

¶16    The administrative judge correctly found that the Board lacked jurisdiction to consider the appellant's claim that the agency committed prohibited personnel practices in a VEOA appeal. ID at 4; *see Slater*, 112 M.S.P.R. 28, ¶ 8. To the extent that the appellant may have filed a whistleblower reprisal complaint with OSC, she may file an individual right of action appeal with the Board's regional office in accordance with the Board's regulations. *See* 5 C.F.R. §§ 1209.5, 1209.6.[5] Finally, as set forth in the initial decision, the appellant may file a claim under USERRA in accordance with the Board's regulations. *See* 5 C.F.R. §§ 1201.22; 1208.11-1208.16.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[5] The appellant should carefully review the Board's regulations to determine whether any individual right of action appeal she may file is timely. *See* 5 C.F.R. § 1209.5.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
                                      /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.